ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:05CR0537-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| JASON WESTERFIELD, | ) | MEMORANDUM OPINION & ORDER |
| | ) | [Resolving Docs. # 552 & 566] |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant Jason Westerfield's Motion for New Trial, filed pursuant to Fed. R. Crim. Pro. 33. Defendant argues that Rule 33 requires the Court to grant him a new trial because the government failed to establish a chain of custody for the crack cocaine for which Defendant was convicted of possessing. The government argues that, even if there were a break in the chain of custody, the break goes to the weight of the evidence and not to its admissibility. For the reasons that follow, Defendant's motion is DENIED.

**I. Facts & Procedural History**

On April 25, 2005, police seized a box containing powder and crack cocaine from the home of Jacquoia Ginn. During the search, Det. Chuck Metcalf served as the inventory officer. In his inventory report, Det. Metcalf listed the crack cocaine but not the powder cocaine. Following the search, Det. Metcalf took the drugs to the crime lab at the Sheriff's Department and prepared a chain of custody document. On November 9, 2005, Defendant was charged with, *inter alia*, intentionally possessing crack and powder cocaine.

At trial, the government introduced the drugs and the chain of custody document. The

document contained two entries -- the first indicating that Det. Metcalf had submitted the seized items to the Sheriff's Department Laboratory and the second showing that Special Agent Lee Lucas of the Drug Enforcement Agency had removed the items to bring them to trial.  Det. Metcalf could not explain the chain of custody within the laboratory, but did testify that the drugs remained sealed before and after they were tested.  Det. Metcalf also testified that the crack and powder cocaine introduced at Defendant's trial was the same seized on April 25, 2005.

On July 25, 2006, the jury acquitted Defendant of intentionally possessing powder cocaine, but convicted him of intentionally possessing crack cocaine.  Defendant filed his Motion for New Trial on August 1, 2006.

## II.  Law & Analysis

This Court "may vacate any judgment and grant a new trial if justice so requires."  Fed. R. Crim. Pro. 33(a).  The decision of whether to grant a new trial is committed to the "sound discretion of the trial judge," U.S. v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982), and the defendant bears the burden of proving that a new trial is needed.  U.S. v. Turner, 995 F.2d 1357, 1364 (6th Cir. 1993).  Further, "new trial motions are disfavored and should be granted with caution."  U.S. v. Willis, 257 F.3d 636, 646 (citation omitted).

Defendant argues he did not receive a fair trial because the chain of custody document does not contain an entry indicating when the drugs were removed from the crime lab and, thus, the government failed to produce a clear chain of custody.  The Court disagrees.

As noted by the government, "challenges to the chain of custody go to weight of

2

evidence, not admissibility." U.S. v. Allen, 106 F.3d 695, 700 (6th Cir. 1997) (quoting U.S. v. Levy, 904 F.2d 1026, 1030 (6th Cir. 1990)). Further, the Sixth Circuit has explained that "[w]here there is no evidence indicating that tampering with the exhibits occurred, courts presume public officers have discharged their duties properly." Id. (citation omitted).

Here, Defendant has not met his burden in rebutting the presumption that Det. Metcalf and other law enforcement officials properly stored, tested and preserved the crack cocaine seized on April 25, 2005. At most, Defendant has "[m]erely raised the possibility of tampering," which "is insufficient to render evidence inadmissible." See id. Any problems with the chain of custody were to be resolved by the jury.[1] See id.

### III. Conclusion

Defendant is not entitled to a new trial pursuant to Fed. R. Crim. Pro. 33. Defendant has failed to show that the Court abused its discretion by admitting into evidence the powder and crack cocaine. Defendant also has failed to show that law enforcement officials tampered with evidence. Defendant's Motion for New Trial is hereby DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| August 31, 2006 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |

---

[1] The record suggests that the jury did resolve some of the alleged defects in the chain of custody in Defendant's favor. Specifically, the jury acquitted Defendant of possessing powder cocaine -- a decision that the government believes resulted from Det. Metcalf's failure to include the powder cocaine in his inventory report. (ECF Doc. # 566.)